United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CENTURY SURETY COMPANY,

    Plaintiff,

v.

CLARENCE BYAL dba VIPER LOUNGE,

    Defendant.

_____/

CLARENCE BYAL dba VIPER LOUNGE,

    Third-Party Plaintiff,

v.

JAMES OBERLE,

    Third-Party Defendant.

_____/

AND RELATED COUNTERCLAIMS.

_____/

No. C 10-03917 WHA

**ORDER DENYING DEFENDANTS' MOTION TO STAY OR DISMISS AND VACATING HEARING**

**INTRODUCTION**

In this insurance-coverage action for declaratory relief, defendant Clarence Byal d/b/a Viper Lounge, joined by third-party defendant James Oberle, moves to dismiss this action or, in the alternative, stay this action until two underlying state-court actions are resolved. For the reasons set forth below, the motion is **DENIED.**

**STATEMENT**

In August 2008, Nathan Tuitasi was at the Viper Lounge in Hayward, California, when he was shot multiple times and killed by alleged gang members during a fight at the establishment. Two suspects were charged with the decedent's murder in early 2010. The status of the criminal actions is unclear, but it appears that they have not yet ended. The decedent's family filed a lawsuit captioned *Tuitasi v. Byal* in Alameda County Superior Court in July 2010, alleging that the defendant in the instant action, Clarence Byal, failed to protect patrons of the Viper Lounge by (1) allowing minors to enter the bar and purchase and consume alcohol, (2) allowing patrons to enter the bar without searching them for weapons, and (3) allowing known gang members to enter the bar. The complaint also alleged that Byal was liable for the wrongful death of the decedent and was negligent in failing to hire, train, manage, and supervise security personnel, failing to screen customers for weapons, failing to adequately manage crowds, and failing to respond in a reasonable and timely manner to the shooting. At the time of the shooting, Byal had an insurance policy with plaintiff Century Surety Company. Century Surety received notice of the *Tuitasi* complaint in early August 2010, and later that month agreed to defend Byal subject to a reservation of rights (Compl. ¶¶ 7–9).

Century Surety's reservation-of-rights letter, sent in late August 2010, while agreeing to defend Byal, alleged that certain exclusions in the insurance policy eliminated its duty to defend or indemnify him against the *Tuitasi* action. The letter reserved the right to seek reimbursement for any payments made as a result of defending or indemnifying Byal if it were later determined that the exclusions applied. The letter advised that Century Surety would seek a declaratory judgment stating that the exclusions applied and that Century Surety was not obligated to defend or indemnify him in the *Tuitasi* action (Dkt. No. 1-3 at 13). Century Surety filed its complaint in September 2010, seeking declaratory judgments that it had neither a duty to defend nor a duty to indemnify Byal in the *Tuitasi* action, and seeking reimbursement for the costs incurred defending the *Tuitasi* action against uncovered claims (Compl. ¶¶ 16–33).

In March 2011, Byal filed a counterclaim against Century Surety and a third-party complaint against James Oberle, the insurance agent who assisted Byal to procure the insurance

policy at issue. The counterclaim alleged that Century Surety breached its insurance contract with Byal by filing the instant action and by "prospectively refusing to indemnify" Byal under the insurance policy. The third-party complaint alleged that Oberle assumed and then breached his professional duty to obtain insurance that did *not* exclude the liability in the *Tuitasi* action by forming an oral contract to do so, and then obtaining an insurance policy with exclusions that *precluded* coverage for the *Tuitasi* action. Byal seeks prospective damages from Century Surety to settle the *Tuitasi* action, and any of (1) a declaratory judgment that the policy as issued covers the *Tuitasi* action, (2) reformation of the policy to cover the action, or (3) damages from Oberle for breach of contract and for professional negligence (Dkt. No. 26 at 9–11).

Defendant Byal filed the instant motion in May 2011. Third-party defendant Oberle filed a joinder to this motion shortly thereafter. This Court exercises original diversity subject-matter jurisdiction over this matter, because plaintiff Century Surety is an Ohio corporation with its principal place of business in Michigan, defendant Byal is a resident of California, and the complaint alleges an amount-in-controversy exceeding $75,000. This Court exercises supplemental jurisdiction over Byal's counterclaims against Century Surety and his third-party claims against Oberle. Oberle is a resident of California, and both the counterclaims and third-party claims arise out of the same transaction or occurrence as Century Surety's original claims.

**ANALYSIS**

**1.   THIRD-PARTY DEFENDANT'S JOINDER.**

Third-party defendant Oberle filed a joinder to defendant Byal's motion. Defendant Byal alleged in his third-party complaint against Oberle that if there is a determination that the insurance policy does not cover the *Tuitasi* action, then the lack of coverage was due to Oberle's acts or omissions during his time as an insurance agent for Century. Oberle briefly repeats Byal's arguments for dismissal or a stay in his joinder, and adds that because the resolution of the third-party complaint against him depends on the outcome of the instant action, Byal's claims for relief against him are not yet ripe (Joinder at 3). Oberle's request to join Byal's motion is **GRANTED**.

3

**2.    MOTION TO STAY OR DISMISS.**

A district court has discretion to stay or dismiss an action for declaratory relief over which it has jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). "[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage actions specifically." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc). In *Dizol*, the court of appeals held that in an action such as this, where an insurer sues its insured for a declaratory judgment of no coverage, a court should consider factors from *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), and *American States Insurance Co. v. Kearns*, 15 F.3d 142 (9th Cir. 1994). The *Brillhart* factors concern avoiding needless determination of state law issues, avoiding duplicative litigation, and avoiding forum shopping. Additionally, following *Kearns*, a court may consider

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*, 133 F.3d at 1225 n.5 (citing *Kearns*, 15 F.3d at 145 (Garth, J., concurring)). Here, the *Brillhart* and *Kearns* factors do not favor staying or dismissing the action.

**A.    Avoiding Needless Determination of State Law Issues.**

If the coverage action entails determinations of unsettled issues of state law, a stay or dismissal is favored. *Dizol*, 133 F.3d at 1225. This relates to unsettled issues of law generally, not unsettled issues of fact *in the specific action*. *See Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds*, *Dizol*, 133 F.3d at 1226. *Robsac* addressed this issue, finding that "[t]he precise state law issues at stake in the present case are the subject of a parallel proceeding in state court." *Ibid.*

This action does present issues involving California insurance coverage law. The state law at issue, however, is not being litigated anywhere else with respect to the instant action. The underlying state court actions are a civil suit by the decedent's family against defendant, and

4

United States District Court
For the Northern District of California

a criminal proceeding against the alleged murderers of the decedent. They are not insurance coverage suits in any way. This action does not entail parallel litigation of any disputed state-law issues, and therefore this factor does not favor staying or dismissing the action.

### B.     Avoiding Duplicative Litigation.

If the declaratory action is duplicative of the issues being litigated in the underlying liability actions, a stay or dismissal is favored. In this action, the factual findings necessary to determine coverage will not be made in the state-court actions. This action involves whether coverage is available for the *particular type of incident* that occurred. The state-court civil action involves whether defendant is liable for the decedent's death and for serving alcohol to a minor, and the criminal actions involve determining whether the defendants in those actions murdered the decedent. None of those actions will resolve whether Byal's insurance policy with Century Surety covers a patron's shooting death in a bar fight. Resolving the instant action determines neither Byal's liability for the decedent's death, nor who allegedly murdered the decedent. If and when an issue arises herein that could risk inconsistency with substantive issues in the underlying action, then a new motion to stay could be made.

### C.     Avoiding Forum Shopping.

Forum shopping exists if a party files an action in one forum, and then files the same action in a different forum. This is not the case. Century Surety is not a party to the state-court actions, nor has it filed any other declaratory judgment actions. There is no forum shopping. This factor does not weigh in favor of a stay or dismissal.

### D.     Whether the Declaratory Action Will Settle All Aspects of the Controversy.

A stay or dismissal is favored if the instant action would resolve the underlying liability action — the *Tuitasi* action. It will not. The instant action will resolve *only* (1) whether Byal's insurance policy with Century Surety covers the *type* of incident that occurred, and (2) whether Oberle is liable to Byal for breach of contract and professional negligence. It will in no way resolve the ultimate liability of any party for any alleged specific injury. This factor does not weigh in favor of a stay or dismissal.

5

### E. Whether the Declaratory Action Will Clarify Legal Relations.

A stay or dismissal is favored if the instant action will *not* resolve any legal relationship between the parties. This action will indeed resolve the legal relationship between Byal and Century Surety with respect to whether a particular type of incident is covered by their insurance policy. *See Dizol*, 133 F.3d at 1223 n.2 (holding that "a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement").

Century Surety and Byal disagree over whether Century Surety must, if Byal is found liable for the decedent's death, pay for Byal's defense and indemnify him against any judgments. If Byal's policy with Century Surety does not cover the particular manner of injury at issue, then Century Surety could be certain that it has no such responsibility. Furthermore, if this action were stayed or dismissed, it is possible that Century Surety would have to keep paying to defend Byal in the *Tuitasi* action, even if it is ultimately determined that Century Surety had no such duty. This factor weighs strongly against a stay or dismissal.

### F. Whether the Declaratory Action Is Being Sought For Procedural Fencing or Res Judicata.

If the coverage action is commenced with the intent of obtaining a procedural or res judicata advantage, then a stay or dismissal is favored. This is not the case. As stated above, the issues in this action and in the state-court actions do not overlap; they are *related* in that they concern the same initial event (the bar fight leading to the decedent's death), but they are *collateral* to one another because all will resolve different factual issues. Thus, no res judicata advantage could be obtained. This factor does not weigh in favor of a stay or dismissal.

### G. Avoiding Federal-State Court Entanglement.

If the issues at stake in the state-court proceedings are indistinguishable from issues in the instant action, then a stay or dismissal is favored. As stated above, the issues are collateral to one another. This action is about the existence of coverage under the policy for a particular type of incident, not any party's civil or criminal liability for the decedent's death. It will be beneficial to have the insurance coverage issues decided separately from the ultimate liabilities in the underlying case. The issues in this and the state-court actions are sufficiently distinct such that no

6

competing factual or legal determinations are likely. This factor does not weigh in favor of a stay or dismissal.

### H. Convenience of Parties.

If a stay or dismissal would avoid undue hardship for a party, then it may be favored. Byal would be inconvenienced if he were forced to litigate this action alongside the *Tuitasi* action. Oberle is involved only in this action, as is Century Surety. However, it is also inconvenient, both in terms of time and money, for Century Surety to continue to defend the *Tuitasi* action when it insists it is not legally required to do so under Byal's insurance policy. This action will resolve the question for Century Surety. This factor is neutral, as a stay or dismissal would cause hardship for one party but would alleviate hardship for another.

\*              \*              \*

Byal's citations to California decisions on the proper considerations for ruling on a motion to stay or dismiss are inapplicable and unavailing. Byal also cites a decision by a district court that applied Oregon law for the proposition that under an exclusion similar to the one at issue in this case, the court could not rule on the application of the exclusion until the insurer could prove the existence of an intent to do a battery. Byal alleges in detail that the intent of whoever shot the decedent is crucial to the outcome of this action, and that this action cannot be resolved without affirmative proof of the existence or nonexistence of such intent. Possibly true, but irrelevant. This motion is decided in part on whether an issue of state law should be litigated in state, rather than federal court, presupposing that a state court *is deciding the issue right now*. *See Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367–68 (9th Cir. 1991). This is not the case. The underlying state-court actions have nothing to do with the existence or nonexistence of insurance coverage. This action will not "needlessly" resolve an issue of state law — it is the *only* action resolving this issue of state law.

7

**CONCLUSION**

For the foregoing reasons, defendant Century Surety's and third-party defendant Oberle's motion to stay or dismiss is **DENIED**. The hearing set for June 30, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 27, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8