**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY, | No. C 10-03917 WHA |
|     Plaintiff, | |
|   v. | **ORDER DENYING UNTIMELY MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AND VACATING HEARING** |
| CLARENCE BYAL dba VIPER LOUNGE, | |
|     Defendant. | |
| CLARENCE BYAL dba VIPER LOUNGE, | |
|     Third-Party Plaintiff, | |
|   v. | |
| JAMES OBERLE, | |
|     Third-Party Defendant. | |
| AND RELATED COUNTERCLAIMS. | |

This action was filed in September 2010. Third-party defendant James Oberle was brought into the action in March 2011 (Dkt. No. 26). He filed his answer to the third-party complaint against him in April 2011 (Dkt. No. 29). He now moves for leave to file a third-party complaint against Bass Underwriters, Inc., which is not currently a party to this action. The motion was filed on October 24, 2011, and noticed to be heard on December 1, 2011 — a date which falls two weeks *after* the summary judgment hearing and *only four days before trial*.

FRCP 14(a)(1) allows a defending party to serve a complaint "on a nonparty who is or may be liable to it for all or part of the claim against it." The rule also requires that the party "must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Here, Mr. Oberle seeks leave to file his proposed third-party complaint *six months* after he filed his original answer.

The instant motion is untimely. Fact discovery closed in August 2011, three months ago. Trial is set to begin on December 5, a mere six weeks from now (Dkt. No. 16). Adding a new party at this late date would completely derail the case management schedule. As such, it will not be allowed. Where a motion for leave to file a third-party complaint is untimely, it may be denied. *See Cal. Home Brands, Inc. v. Ferreira*, 871 F.2d 830, 831 (9th Cir. 1989).

Mr. Oberle addresses the timeliness issue by stating that he "did not specifically know about" the relevant conduct until a deposition taken at the close of the discovery period (Br. 9). This fact does not ameliorate the disruptive nature of his request. Moreover, denying the motion would not leave Mr. Oberle without a remedy. He states that if he "is not permitted to implead Bass at this time," he "can, and will, seek separate relief" (*ibid.*).

In sum, this order finds Mr. Oberle's motion for leave to file a third-party complaint against Bass Underwriters, Inc. to be untimely. As such, it is **DENIED**. The motion hearing noticed for December 1, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated: October 25, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE